UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

OBI ORAKWUE,

               Plaintiff,

     -against-

THE CITY OF NEW YORK and P.O. DEWITT VICTORIA,
Shield/Tax Reg. No. 948879, Individually and in her Official Capacity and
P.O.s "JOHN DOE" #1-10, Individually and in their Official
Capacities, (the name John Doe being fictitious, as the true names
are presently unknown),

                                                      Defendants,
-------------------------------------------------------------------X

CV 11 - 6183

MAUSKOPF, J.

REYES, M.J

**COMPLAINT**

**JURY TRIAL DEMANDED**

ORIGINAL

RECEIVED
DEC 20 2011
PRO SE OFFICE

Plaintiff, OBI ORAKWUE, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983, 18 U.S.C. §§ 242 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 1983, 18 U.S.C. §§ 242 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C.

§ 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiff OBI ORAKWUE is an African-American male and has been at all relevant times a resident of the City and State of New York.

7.  Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9.  At all times hereinafter mentioned, the individually named defendant P.O. DEWITT VICTORIA and the defendant P.O.s "JOHN DOE" #1-10 were duly sworn police officers of said department acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant, City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, City of New York.

## FACTS

13. On or about January 31, 2011, at approximately 6.30pm., plaintiff OBI ORAKWUE was stationary, lawfully waiting for the traffic light at the intersection of Mother Gaston and Pitkin Avenue in Brooklyn, Kings County, in the City of New York and State of New York.

14. At the aforementioned time and place, defendant officers ordered plaintiff OBI ORAKWUE to pull over and demanded his driver's license, registration, and proof of insurance.

15. Plaintiff complied with defendants' orders and produced valid copies of all of the requested documents.

16. Notwithstanding the lack of any evidence of criminal activity, defendant officers searched OBI ORAKWUE, touched his genitals during the search and when OBI ORAKWUE Complained, the defendant officer said; "Be quiet Nigger" and subsequently arrested plaintiff OBI ORAKWUE and charged him with Criminal Driving while Driver Licence is revoked.

17. When OBI ORAKWUE tried to explain to the defendant Officer that he is innocent the Officer said: "Be quiet Nigger. If you don't like it go back to your country".

18. When OBI ORAKWUE said to the officer "don't do this to me, this is America", the officer replied "Yes this is America. If you don't like it go home to your country".

19. At no time on January 31, 2011 did plaintiff engage in any unlawful activity whatsoever.

20. At no time on January 31, 2011 did defendants possess any reasonable belief that plaintiff engaged in any unlawful activity whatsoever.

21. As a result of his unlawful arrest, plaintiff OBI ORAKWUE spent approximately nine (9) hours in police custody before being released.

22. As a result of the foregoing, plaintiff OBI ORAKWUE sustained, *inter alia*, loss of liberty, physical assault, sexual assault, sexual harassment, racial insult, racial harassment, acute and chronic psychological violence, psychological stress, emotional distress, mental anguish, depression, shock, fright, apprehension, embarrassment and humiliation, loss of time from work, diminished productivity, nightmares, other trauma and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

23. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

25. All of the aforementioned acts deprived plaintiff OBI ORAKWUE of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983 and 18 U.S.C. §§ 242.

26. The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

28. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

29. As a result of the foregoing, plaintiff OBI ORAKWUE sustained, *inter alia*, loss of liberty, physical assault, improper genital touching, sexual assault, sexual harassment, racial insult, racial harassment, acute and chronic psychological violence, psychological stress, emotional distress, mental anguish, depression, shock, fright, apprehension, embarrassment and humiliation, loss of time from work, diminished productivity, nightmares, other trauma and deprivation of his constitutional rights.

### SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. As a result of defendants' aforementioned conduct, plaintiff OBI ORAKWUE was subjected to sexual assault, sexual harassment, racial insult, racial harassment, illegal,

improper and false arrest by defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated without any probable cause, privilege or consent.

32. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time and he was put in fear for his safety, was humiliated, and subjected improper genital touching, racial slurs, racial harassment, his sexual integrity abused, racial integrity abused and physical assault, handcuffing, acute and chronic psychological violence and psychological injuries and other physical restraints, trauma and loss of time from work without probable cause.

33. As a result of the aforementioned conduct of defendants, plaintiff sustained emotional injuries, acute and chronic psychological violence and psychological injuries, racial harassment, racial insult, sexual assault, sexual harassment and loss of liberty, loss of time from work and diminished productivity.

### THIRD CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHTS
### UNDER 42 U.S.C. § 1983

34. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "33" as if the same were more fully set forth at length herein.

35. Defendants created false evidence against plaintiff OBI ORAKWUE.

36. Defendants created false evidence against plaintiff OBI ORKWUE, and Defendants subsequently failed to present the charges and the seized driver licence to any judicial authority/court, thus denied the plaintiff's constitutional right to confront his accuser(s) and be confronted with the witness against him, defendants violated the plaintiff's Sixth Amendment rights of the Constitution of the United States of America.

37. In creating false evidence against plaintiff OBI ORAKWUE, in failing to forward the charges and the seized driver licence to the judicial authority/court and continuing to be in possession of the plaintiff's legally issued and valid driver licence, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Fourth and Fourteenth Amendments of the United States Constitution.

38. In creating false evidence against the plaintiff OBI ORAKWUE, in failing to forward the charges and the seized driver licence to the judicial authority/court, in continuing to be in possession of the plaintiff's legally issued and valid driver licence, defendants restricted the plaintiff OBI ORAKWUE to not drive, or risk being arrested and particularly by police officers from the 073 precinct, without having been duly convicted by ANY Court of Law, the defendant subjected the plaintiff OBI ORAKWUE to the use of the New York City Transport System or New York City Transit System that belongs to and or in which the defendant has interests, the use of taxi which is impoverishing to the plaintiff's financial status, and or to walking /trekking as means of moving around the City in conduct of the plaintiff's daily life activities, as such, the defendant subjected the plaintiff OBI ORAKWUE to involuntary servitude that did not arise from being duly convicted of any crime by ANY Court of Law, the defendant violated the plaintiff's constitutional right under the Thirteenth Amendment of the United States of America.

39. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time and he was put in fear for his safety and was humiliated and subjected to sexual assault, sexual harassment, racial insults, racial harassment, handcuffing, acute and chronic psychological violence, acute and chronic psychological injuries and other physical restraints, and loss of time from work, diminished productivity without probable cause.

## FOURTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

40. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

> i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;
> ii. arresting individuals and using the vulnerable situation of the individuals to improperly touch their genitals, sexually assault and sexually harass them;
> iii. arresting innocent individuals and racially harassing, racially insulting and racially humiliating them;
> iv. stopping, searching and arresting individuals based on their racial profile;
> v. stopping, searching and arresting individuals based on their ethnic origin and their country of origin;
> vi. stopping, searching, arresting individuals and subjecting individuals through compulsion to involuntariness and to act against the individual's will;
> vii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and
> viii. arresting individuals regardless of probable cause.

43. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

44. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

45. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

46. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

47. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff OBI ORAKWUE's constitutional rights.

48. The acts complained of deprived plaintiff of his rights:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unlawful search;

    D. To be confronted with the witness against him;

    E. To be free from involuntary servitude;

    F. To be free from sexual assault, sexual harassment and improper genital touching;

    G.    To be free from racial insult, racial harassment, racial humiliation and racial subordination;

    H.    To be free from racial profiling;

    I.    Not to have summary punishment imposed upon him; and

    J.    To receive equal protection under the law.

49. [corrected from 47] As a result of the foregoing, plaintiff OBI ORAKWUE is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of two million dollars ($2,000,000.00).

**WHEREFORE**, plaintiff OBI ORAKWUE demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages, two million dollars ($2,000,000.00) in punitive damages, plus legal consultancy/attorney's fees, costs, and disbursements of this action.

*CORRECTIONS MADE O-O*

Dated: New York, New York
December 20, 2011

BY: _____
OBI ORAKWUE
110 Wall Street – 11th Floor
New York, NY 10005
(347)-261-6316
(347)-272-7660