ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

OBI ORAKWUE,
    Plaintiff,

-against-

THE CITY OF NEW YORK, et al,
      Defendants,
-----------------------------------------------------------x

**AMENDED COMPLAINT**
**JURY TRIAL DEMANDED**
11-CV-06183 (RRM)(VMS)

Plaintiff, OBI ORAKWUE, complaining of the defendants, respectfully alleges as follows;

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983, 18 U.S.C. §§ 242 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983, 18 U.S.C. §§ 242 and 42 U.S.C. § 1988, and the Fourth, Fifth, Sixth, Thirteen and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose

### JURY DEMAND

5. Plaintiff respectively demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## **PARTIES**

6. Plaintiff OBI ORAKWUE is an African-American male and has been at all relevant times a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times herein mentioned, the individually named defendants P.O. DEWITT VICTORIA (Tax Reg. 948979) of NYPD 073rd Precinct; and defendants P.O. DISLA WILLIAN (Tax Reg. 948897), and P.O. Rampersand – badge number 5899 (P.O. Rampersand, badge # 5899 being the name the plaintiff saw on the police officers uniform) of NYPD 073rd Precinct; and defendant P.O. Centurion (ID # 925051) of NYPD 077 Precinct, were duly sworn police officers of said department acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/ or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, City of New York.

## **FACTS 1**

13. On or about January 31, 2011, at approximately 6.30pm., plaintiff OBI ORAKWUE was stationary, lawfully waiting for the traffic light at the intersection of Mother Gaston and Pitkin Avenue in Brooklyn, Kings County, in the City of New York and State of New York.

14. At the aforementioned time and place, defendant officers ordered plaintiff OBI ORAKWUE to pull over and demanded his driver's license, registration, and proof of insurance.

15. Plaintiff complied with defendants' orders and produced valid copies of all of the requested documents.

16. Notwithstanding the lack of any evidence of criminal activity, defendant officers searched OBI ORAKWUE, touched his genitals during the search and when OBI ORAKWUE complained, the defendant officer said; "Be quiet Nigger" and subsequently arrested plaintiff OBI ORAKWUE, confiscated his New York State duly issued driver license and charged him with criminal driving while Driver License is revoked.

17. When plaintiff OBI ORAKWUE tried to explain to the defendant that he is innocent, the officer said; "Be quiet Nigger. If you don't like it go back to your country".

18. When OBI ORAKWUE said to the officer "don't do this to me, this is America". The officer replied; "Yes this is America. If you don't like it go home to your country".

19. At no time on January 31, 2011 did plaintiff engage in any unlawful activity whatsoever.

20. At no time on January 31, 2011 did defendants possess any reasonable belief that plaintiff engaged in any unlawful activity whatsoever.

21. As a result of his unlawful arrest, plaintiff OBI ORAKWUE spent approximately nine (9) hours in police custody before being released.

22. On March-03-2011, the plaintiff OBI ORAKWUE was at the Criminal Court of the People of New York. Part AP2, at 120 Schermerhorn Street, Brooklyn New York, NY11201 to answer the charges. On the said date, the plaintiff OBI ORAKWUE was not afforded a trail, however, he received an order (document bearing NYPD stamp, date and time) from the defendants, ordering that the plaintiff OBI ORAKWUE, wait for 30 to 90 days to receive a new Court date. And further ordered that the plaintiff OBI ORAKWUE call New York Criminal Justice Agency to inform about any change of address, and change of address information.

23. The plaintiff OBI ORAKWUE waited 90 days as ordered and on June-03-2011, plaintiff assumed as ordered that the case has been dismissed.

24. On July-01-2011, at about 10.42am, the plaintiff, OBI ORAKWUE served a notice of claim to the defendant, City of New York. The said notice of claim was filed at the Comptroller's Office of the City of New York, at No. 1 center Street, Room 1225, New York, NY 10007.

25. More than 30 days passed since the said notice of claim was filed, and the defendant offered no settlement.

26. As a result of the foregoing, plaintiff OBI ORAKWUE sustained, *inter alia*, loss of liberty, maliciously prosecuted, malicious abuse of process, physical assault, sexual assault, sexual harassment, racial harassment, acute and chronic psychological violence, psychological stress, emotional distress, mental anguish, depression, mental anguish, shock, fright, apprehension, embarrassment and humiliation, loss of time from work, hostile work environment, diminished productivity, nightmares, other trauma and deprivation of his constitutional rights.

## **FACTS ll**

27. On or about February-11-2011, at about 8.00pm, the plaintiff, OBI ORAKWUE was stationary, inside his motor vehicle- FBY 1206, on the South East Corner of St. John's Street (between Ralph and Howard Avenue) in front of Food Bazaar Supermarket, in Brooklyn, City of New York and State of New York.

28. At the aforementioned time and place, the defendant police officers, P.O. Disla Willian and P.O. Rampersand, (P.O. Rampersand being the name the plaintiff saw on the badge on the police officers uniform) pulled up behind the plaintiff's vehicle and approached the plaintiff, and demanded to see the plaintiff's driver licence, registration and proof of insurance.

29. Plaintiff complied with defendants' orders and produced valid copies of all of the requested documents.

30. "What are you doing here?" questioned the defendant police officer.

31. "Forgive me officer; I do not know there is a curfew in this neighborhood at this time", the plaintiff OBI ORAKWUE respectfully replied.

32. Notwithstanding the lack of any evidence of criminal activity, defendant officers searched OBI ORAKWUE, and when OBI ORAKWUE complained, the defendant officer said; "You have been told to stop driving, but you wouldn't listen. Your driver license is revoked" and subsequently arrested plaintiff OBI ORAKWUE and charged him with criminal driving while Driver License is revoked.

33. When plaintiff OBI ORAKWUE tried to explain to the defendant that he is innocent, the officer said; "Don't you ever think you can come from your fucking country to drive in New York while your driver licence is revoked. Go back to your fucking country if you want to drive while your licence is revoked. You want to stay in America, you must be law abiding".

34. As a result of his unlawful arrest, plaintiff OBI ORAKWUE spent approximately seven (8) hours in police custody before being released, after having been photographed and fingerprinted

35. While imprisoned in the police cell with some mentally deranged detainees, one of the detainees was shouting at an unbearably high pitched voice, harassing, menacing and threatening. The detainee was removed from the police cell at about 1.00am for medical attention.

36. On March-17-2011, the plaintiff OBI ORAKWUE was at the Criminal Court of the People of New York, at 120 Schermerhorn Street, Brooklyn New York, NY11201 to answer the charges. On the said date, the plaintiff OBI ORAKWUE was not afforded a trail, however, he received an order (document bearing NYPD stamp, date and time) from the defendants, ordering that the plaintiff OBI ORAKWUE, wait for 30 to 90 days to receive a new Court date. And further ordered that the plaintiff OBI ORAKWUE call New York Criminal Justice Agency to inform about any change of address, and change of address information.

37. On May-11-2011, an arrest warrant signed by Honorable Judge Douglas, D was issued for the plaintiff's arrest for allegedly failing to appear for arraignment.

38. On October-31-2012, the case and charges were dismissed by the court.

39. On December-21-2011, the plaintiff OBI Orakwue served a notice of claim on the defendant, City of New York. The said notice of claim was filed with the Comptroller's Office of the City of New York at No. 1 Center Street, Room 1225, New York, NY 10007.

40. The defendant sent a letter of acknowledgment of the notice of claim dated December-22-2011 and signed by/from Michael Aaronson – Chief, Bureau of Law and Adjustment; the said acknowledgment of notice of claim designated the claim number to be 2011PI041325.

41. Subsequently the defendant sent another letter through the personal injury division; the said letter was dated December-27-2011, and signed by Charles Castaldo, in which the defendant requested more information for the evaluation and review of the claim. The documents were provided to the defendant. In a telephone conversation with acclaim examiner named Charles Castaldo in the January-2012; Mr. Castaldo promised to get back to the Plaintiff. The Plaintiff, Obi Orakwue waited as ordered and promised by the claim examiner Mr. Charles Castaldo.

42. More than eleven (11) months has passed since the claim examiner (the defendant) from the NYC office of the Comptroller promised to get back to the plaintiff, and the defendant has not issued any other information to the plaintiff regarding the claim.

43. As a result of the foregoing, plaintiff OBI ORAKWUE sustained, *inter alia*, loss of liberty, physical assault, racial harassment, maliciously prosecuted, acute and chronic psychological violence, psychological stress, emotional distress, mental anguish, depression, shock, fright, apprehension, embarrassment and humiliation, loss of time from work, hostile work environment, diminished productivity, nightmares, other trauma and deprivation of his constitutional rights.

## FACTS III

44. On or about July-01-2009, at about 8.40am, the plaintiff, OBI ORAKWUE was driving a motor vehicle EPF 5375 and south bound on Albany Avenue and Prospect Place, in Brooklyn, City of New York and State of New York.

45. At the aforementioned time and place, the defendant police officer, P.O. Centurion (ID #925051) pulled the plaintiff over, and demanded to see the plaintiff's driver licence, registration and proof of insurance.

46. The defendant police officer further demanded that the plaintiff hand him over the money the plaintiff had in his pocket.

47. When the plaintiff, OBI ORAKWUE objected, the defendant police officer threatened to arrest plaintiff saying; "give it to me or I will arrest you", with his one hand on his gun and the other hand unbuckling the handcuffs on his waist-belt.

48. The plaintiff, OBI ORAKWUE handed the officer the money in his breast pocket, and the officer took it, and ordered the plaintiff to wait inside his car.

49. The officer later came back to the plaintiff and gave him two summonses charging him with; unlicensed operator and unauthorized use of hire vehicle.

50. As at July-01-2009, the Plaintiff, Obi Orakwue did not have and have not applied for a New York State Driver License. However, the summons issued to the plaintiff, Obi Orakwue by the individually named Police Officer (P.O. Centurion), reads/designates the ID number as 310867087.

51. On December-01-2011, the plaintiff's driver license was suspended pending hearing of the case on December-29-2011.

52. On December-29-2011, the two summonses were dismissed by the Court.

53. On January-19-2012, the plaintiff OBI Orakwue served a notice of claim on the defendant, City of New York. The said notice of claim was filed with the Comptroller's Office of the City of New York at No. 1 Center Street, Room 1225, New York, NY 10007.

54. The claim was assigned Claim number 2012PI003118.

55. More than twelve (12) months has passed and the defendant has not settled the claim.

56. As a result of the foregoing, plaintiff OBI ORAKWUE sustained, *inter alia*, loss of liberty, seizure, maliciously prosecuted, loss of property/money, racial harassment, racial profiling, acute and chronic psychological violence, psychological stress, emotional distress, mental anguish, depression, incredulity, confusion, shock, fright, apprehension, embarrassment and humiliation, loss of time from work, hostile work environment, diminished productivity, nightmares, other trauma and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF

## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

57. Plaintiff, OBI ORAKWUE repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1' through "56" with the same force and effect as if fully set forth herein.

58. All the aforementioned acts of the defendants, their agents, servants and employees were carried out under the color of law.

59. All the aforementioned acts deprived plaintiff OBI ORAKWUE of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Sixth, Thirteen and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983 and 18 U.S.C. §§ 242.

60. The acts complained of were carried out by the aforementioned individual defendants in their official capacities as police officers, with all the actual and or apparent authority attendant thereto.

61. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and New York City Police Department, all under the supervision of the ranking officers of the said department.

62. Defendants collectively and individually, while under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

63. As a result of the foregoing, plaintiff OBI ORAKWUE sustained, inter alia, loss of liberty, physical assault, improper genital touching, sexual assault, sexual harassment, racial insult, racial harassment, seizure, racial profiling, malicious prosecution, loss of

property, acute and chronic psychological violence, psychological stress, emotional distress, mental anguish, depression, incredulity, confusion, shock, fright, apprehension, embarrassment and humiliation, loss of time from work, arrested multiple times for the same alleged offence without probable cause, malicious abuse of process, maliciously prosecuted, hostile work environment, diminished productivity, nightmares, and other trauma and deprivation of his constitutional rights.

## SECOND CLAIM FOR RELIEF

### FALSE ARREST UNDER 42 U.S.C § 1983

64. Plaintiff, OBI ORAKWUE repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effects as if fully set forth herein.

65. As a result of defendants' aforementioned conducts, plaintiff OBI ORAKWUE was subjected to physical assault, sexual assault, sexual harassment, racial harassment, racial insult, illegal, improper and false arrest by the defendants, double jeopardy, arrested multiple times for the same alleged offence without probable cause, and taken into custody to be falsely imprisoned, detained, confined, incarcerated without probable cause, privilege or consent, and subsequently maliciously prosecuted.

66. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time and he was put in fear for his safety, was humiliated, and subjected to improper genital touching, racial slurs, racial harassment, his sexual integrity abused, racial integrity abused and physical assault, handcuffing, acute and chronic psychological violence and psychological injuries, and other physical restraints, trauma and loss of time from work, hostile work environment, and prosecuted without probable cause.

67. As a result of the aforementioned unconstitutional conducts of the defendants, plaintiff sustained emotional injuries, acute and chronic psychological violence and psychological injuries, racial harassment, racial insult, racial profiling, sexual assault, sexual

harassment, malicious prosecution, loss of liberty, mental anguish, loss of property, malicious abuse of process, maliciously prosecuted, intentional infliction of emotional distress, intentional infliction of emotional injuries, loss of time from work, incredulity, confusion, depression and diminished productivity.

## THIRD CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHTS TO FAIR TRIAL
## UNDER 42 U.S.C § 1983

68. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1" through "67" as if the same were more fully set forth at length herein.

69. Defendants created false evidence against plaintiff OBI ORAKWUE, and prosecuted him without probable cause.

70. Defendants created false evidence against plaintiff OBI ORAKWUE, forwarded the said created false evidence and false information to the prosecutors and court, and maliciously prosecuted.

71. Defendants created false evidence against plaintiff and failed to present (see Fact l) the charges and the seized driver license to any judicial authority/court, thus denied the plaintiff his constitutional right to confront his accuser(s), facts of the accusation and be confronted with the witness against him, defendants violated the plaintiff's sixth (6th) Amendment rights of the Constitution of the United States of America.

72. In creating false evidence and false information against the plaintiff, OBI ORAKWUE, in providing false and misleading sworn statements and false testimony throughout the proceedings, in maliciously prosecuting plaintiff, OBI ORAKWUE, and malicious abuse of process without probable cause, and in continuing to be in possession of the plaintiff's

duly issued and valid driver license, defendants violated plaintiff's constitutional rights to fair trial under the Due Process Clause of the Fourth, Fifth, Sixth and Fourteenth Amendment rights of the Constitution of the United States of America.

73. In creating false evidence against the plaintiff OBI ORAKWUE, in failing to forward the charges and seized plaintiff's duly issued driver license to judicial authority/court (see Fact l); in continuing to withhold the plaintiff's legally and duly issued and valid driver license, defendants restricted the plaintiff OBI ORAKWUE to not drive, or risk being arrested if he drives, especially by police officers from the NYPD 073rd precinct, without having been duly convicted by any court of law; the defendants subjected the plaintiff OBI ORAKWUE to the use of New York City Transport system, or New York City Transit system that belongs to and or in which the defendant has interest(s), or the use of New York City taxi and or livery cab in which the defendant indirectly has interest(s), and which is impoverishing to the defendants financial status, and or to walking/trekking as means of moving around the city in conduct of the plaintiff's daily life activities, as such, defendant subjected the plaintiff OBI ORAKWUE to involuntary servitude and involuntariness that did not arise from being duly convicted of any crime by any court of law; the defendant violated plaintiff's constitutional rights under the Thirteenth (13th) Amendment to the Constitution of the United States of America.

74. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time and he was put in fear for his safety and was humiliated and subjected to sexual assault, sexual harassment, racial insults, racial harassment, handcuffing, malicious prosecution, double jeopardy, acute and chronic psychological violence, acute and chronic psychological injuries, incredulity, depression, confusion, intentional infliction of emotional distress and intentional infliction of emotional injury, malicious abuse of process, arrested multiple times for the same alleged violation without probable cause,

maliciously prosecuted, racially profiled, other physical restraints, loss of time from work, hostile work environment, and diminished productivity without probable cause.

## FOURTH CLAIM FOR RELIEF

## MUNICIPAL LIABILITY

75. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Defendants collectively and individually, while acting under color of state law, engaged in conduct that constituted custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States of America.

77. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include but are not limited to the following unconstitutional practices;

   a. Arresting individuals regardless of probable cause in order to inflate the police officer's arrest statistics;

   b. Arresting individuals and using the vulnerable situation to improperly touch their genitals, sexually assault and sexually harass them;

   c. Seizing individuals and using their vulnerable situation to take their property and or money from them;

   d. Arresting innocent individuals and racially harassing them, racially insulting them and racially humiliating them;

   e. Stopping seizing and searching innocent individuals based on their racial profile;

   f. Stopping, seizing and searching innocent individuals based on their ethnic origin and their country of origin;

    g. Stopping, seizing and searching innocent individuals and subjecting them through compulsion to involuntariness and to act against the individual's will;

    h. Stopping, seizing, and issuing summonses to innocent individuals not in order to inflate the police officers summons statistics;

    i. Stopping, seizing and issuing summonses to innocent individuals notwithstanding the existence of credible evidence which exonerates them of any criminal wrong-doing;

    j. Arresting innocent persons, notwithstanding the existence of credible evidence which exonerates them of any criminal wrong-doing;

    k. Arresting innocent individuals regardless of probable cause

78. The foregoing customs, practices, customs, policies and procedures and rules of the City of New York and the New York City Police Department constitute deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

79. The foregoing customs, policies, practices, usages, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

80. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

81. Defendants collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

82. Defendants, collectively and individually while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff OBI ORAKWUE's constitutional rights.

83. The acts complained of deprived the plaintiff OBI ORAKWUE of his rights;

    i. Not to be deprived of liberty without probable cause;

    ii. To be free from seizure and arrest without probable cause;

    iii. To be free from unlawful search;

    iv. To be confronted with the witness against him;

    v. To be free from involuntary servitude and involuntariness;

    vi. To be free from sexual assault, sexual harassment, and improper genital and bodily touching, assault;

    vii. To be free and secure in one's self and possession and bodily integrity;

    viii. Not to have one's property summarily taken away from him;

    ix. To be free from racial profiling, racial insult, racial discrimination, racial harassment, racial humiliation, and racial subordination;

    x. Not to have summary punishment imposed upon him;

    xi. To receive equal protection under the law;

84. As a result of the foregoing, plaintiff OBI ORAKWUE is entitled to compensatory damages in the sum of Fifty Million Dollars ($50, 000, 000) and is further entitled to punitive damages against the individual defendants in the sum of Ten Million Dollars ($10, 000, 000).

WHEREFORE, plaintiff OBI ORAKWUE demands judgment in the sum of Fifty Million Dollars ($50, 000, 000) in compensatory damages, Ten Million Dollars ($10, 000, 000) punitive damages, plus legal consultancy/attorney's fees, costs, and disbursements of this action.

Dated; New York, NY

March 29th, 2013

By; *(signature)*

OBI ORAKWUE  (Pro Se)

110 Wall Street – 11th Floor

New York, NY 10005

(347) 272-7660

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x

                                                                               Affirmation of Service

OBI ORAKWUE,         Plaintiff,                        11-CV-6183(RRM)(VMS)

       -against-

City of New York, Dewitt Victoria, et al
                                       Defendants.
-----------------------------------------------------------x

I declare under penalty of perjury that I have served by mail, carbon copy of the within letter and amended complaint submitted to the Pro-Se office to the defendants' attorney:

**Richard Weingarten**

Assistant Corporation Counsel

City of New York

**Whose address is**:

100 Church Street

New York, NY 10007


Dated: March-29-2013

New York

Signature _____

OBI ORAKWUE

110 Wall Street – 11th Floor

New York, NY 10005

Phone: 347-272-7660