UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
OBI ORAKWUE,

        Plaintiff,

        - against -

CITY OF NEW YORK, *et al.*,

        Defendants.
------------------------------------------------------------------------X

**MEMORANDUM & ORDER**
11-CV-6183 (RRM) (VMS)

ROSLYNN R. MAUSKOPF, United States District Judge.

    On December 20, 2011, *pro se* plaintiff Obi Orakwue brought this action under 42 U.S.C. § 1983 against defendants City of New York and Police Officer Victoria DeWitt. On September 25, 2013, following full briefing, the Court issued a Memorandum and Order granting defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and partially granting Orakwue's request to file an amended complaint insofar as allowing him to proceed with two claims of malicious prosecution.[1] (Doc. No. 53.) The Court later granted Orakwue's request for an extension of time to move for reconsideration (11/7/13 Order), whereupon Orakwue filed a motion to that effect on November 25, 2013. (Doc. No. 56.) On November 29, 2013, the defense filed a letter opposing reconsideration. (Doc. No. 57.)

    While this motion was pending, all pre-trial proceedings properly continued before Magistrate Judge Scanlon. On December 26, 2013, Judge Scanlon ordered the parties to submit a joint status report by March 13, 2014, and scheduled a telephone status conference for March 18, 2014. (12/26/13 Order.) By letter dated March 13th, defendants related their "several" unsuccessful attempts – over the course of multiple days – to contact Orakwue by telephone;

---

[1] The Court terminated Police Officer DeWitt as a defendant, and added three new police officers – Willian, Rampersand, and Centurion – as defendants.

Orakwue's phone number indicated that he was not accepting incoming calls. Defendants further noted that Orakwue had not complied with Judge Scanlon's November 6, 2013 Order to serve the three newly-named individual defendants. (Doc. No. 59.)

In a docket entry on the following day, March 14, 2014, Judge Scanlon ordered Orakwue to inform defense counsel of Orakwue's correct phone number, and the judge confirmed the March 18th phone conference. (3/14/14 Order.) Nonetheless Orakwue failed to participate in that March 18th conference. Judge Scanlon subsequently received a letter from Orakwue, dated March 18th, stating his intention not to attend that conference for various reasons, including that he was supposedly recuperating from the "mental agony" he endured during a previous conference before Judge Scanlon. (Doc. No. 60.)

In an Order on March 20, 2014, Judge Scanlon stated that Orakwue's proffered reasons for declining to attend the March 18th conference did not excuse his absence, and warned him that his continuing failure to participate in the litigation could result in dismissal of the lawsuit. Judge Scanlon scheduled a conference for April 8, 2014, ordered Orakwue to advise the Court by March 31st whether he would be attending by telephone or in-person, and directed Orakwue to file proof of service by March 31st as to the three new defendant-officers. (3/20/14 Order.)

By March 31, 2013, Orakwue had neither notified Judge Scanlon of whether he would be appearing by telephone or in-person, nor filed the required proof of service. Instead, Orakwue filed a letter on March 31st requesting that this Court issue an order "indefinitely suspend[ing]" the proceedings that Judge Scanlon had scheduled for April 8th until the Court decides his reconsideration motion. (Doc. No. 61.)

For the reasons set forth below, Orakwue's motion to reconsider, as well as his request to suspend the April 8th conference before the Magistrate Judge, are both DENIED.

**DISCUSSION**

I.  Motion for Reconsideration

Under narrow circumstances, Local Civil Rule 6.3 permits a court to reconsider a final judgment or order. *See* E.D. & S.D.N.Y. Civ. R. 6.3. The standard for granting reconsideration is "strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Such a motion will be denied unless the movant can identify "controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (citations omitted); *see* E.D. & S.D.N.Y. Civ. R. 6.3 (requiring moving party to "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked"). A motion for reconsideration is committed to the sound discretion of the district court. *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

Orakwue's motion for reconsideration fails to satisfy this strict standard. Orakwue criticizes the Court's decision as "flooded with errors and encapsulated by palpably deliberate omissions" (Doc. No. 56 at 2) –without ever stating any factual or legal basis for this assertion. Orakwue also reflects on the difficulty of judging, and on his evolving understanding of the American criminal justice system. (*Id.* at 3.) Again, though, nowhere in the motion does Orakwue refer to any facts or controlling law that the Court overlooked in rendering its decision. Although Orakwue does compare the Court's decision to an opinion issued by a New York State Court of Claims judge in a related lawsuit (*id.* at 2–3), that opinion in no way supports his bid for reconsideration. If anything, as defendants emphasize (Doc. No. 57 at 2), the Court of Claims opinion tends only to undermine the grounds for Orakwue's remaining malicious prosecution action.

In short, Orakwue apparently seeks only to re-litigate issues that have already been decided, and does not proffer any facts or law that call into question the factual or legal soundness of the Court's September 25th Memorandum and Order.

II.     Request to "Indefinitely Suspend" the April 8, 2014 Conference

Orakwue also asks this Court to "indefinitely suspend" the proceedings to be held before Judge Scanlon on April 8, 2014. Orakwue argues, without any legal support, that his motion to reconsider places the discovery process – and all "conferences and activities deriving mandates" from this Court's underlying September 25th Memorandum and Order – "on hold" until the Court decides the reconsideration motion. (Doc. No. 61 at 2–4.) Orakwue provides no legal authority to support his assertion that discovery must be halted pending decision on the reconsideration motion. Furthermore, the Court has denied the reconsideration motion in this Memorandum and Order.

Orakwue's efforts to have this Court stay or otherwise order a halt to any proceedings before the Magistrate Judge are wholly without merit. As the assigned Magistrate Judge, and under Local Rule 72.2, Magistrate Judge Scanlon has full authority to conduct all pre-trial proceedings in this matter. Orkawue has previously been warned that his failure to participate in this litigation, including attending the April 8th conference and otherwise complying with any orders of the Magistrate Judge, may result in the award of sanctions, including dismissal of the lawsuit with prejudice.

## CONCLUSION

Orakwue's motions for reconsideration (Doc. No. 56), and to suspend indefinitely the proceedings before the Magistrate Judge (Doc. No. 61), are DENIED.

The Clerk of Court is directed to send Orakwue a copy of this Memorandum and Order by overnight mail for Saturday delivery to 100 Wall Street, 11th Floor, New York, NY 10005, which is the address listed for him on the docket. The Clerk of Court is further directed to note the mailing and corresponding tracking number on the docket.

This action is recommitted to Magistrate Judge Scanlon for all pre-trial purposes, including supervision of discovery.

SO ORDERED.

Dated: Brooklyn, New York
      April 4, 2014

*Roslynn R. Mauskopf*
———————————————
ROSLYNN R. MAUSKOPF
United States District Judge