UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
OBI ORAKWUE,

Plaintiff,  **REPORT AND RECOMMENDATION**
 11 CV 6183 (RRM) (VMS)

v.

CITY OF NEW YORK, P.O.
DISLA WILLIAN, P.O. RAMPERSAND,
P.O. CENTURION,

Defendants.
--------------------------------------------------------X

**VERA M. SCANLON, UNITED STATES MAGISTRATE JUDGE:**

For the reasons set forth below, I recommend that the District Court grant Defendants' first unopposed motion to dismiss this action for want of prosecution and for failure to comply with this Court's Orders, ECF No. 63; find Defendants' second motion to dismiss to be moot, ECF No. 64; and dismiss this action with prejudice.

**I.  Background**

Plaintiff Obi Orakwue ("Plaintiff") commenced this civil rights action in 2011. The District Court is familiar with the allegations made by Plaintiff in his Complaint and Amended Complaint, as the District Court granted in part the Defendants' motion to dismiss the action and granted Plaintiff's motion to amend his Complaint by Order filed on September 25, 2013. ECF No. 53. Following the motion practice, "the only claims that survive are two claims of malicious prosecution, one each relating to the incidents occurring on July 1, 2009 and February 11, 2011, as pled in the Proposed Amended Complaint." ECF Order 9/25/2013.[1]

---

[1] Plaintiff moved the Court to reconsider its Order, which was denied on April 4, 2014. ECF No. 62.

Following the District Court's September 25, 2013 decision on the motions to dismiss and to amend, by Order dated October 25, 2013, the undersigned scheduled a conference with Plaintiff and Defendants' counsel. The conference was held on November 6, 2013. Plaintiff was given until January 31, 2014 to effect service on the three individual defendant officers, Disla Willian, P.O. Rampersand and P.O. Centurion ("Individual Defendants"). ECF Order 11/6/2013.[2] By letter filed December 18, 2013, the Individual Defendants' counsel provided Plaintiff with their addresses for service. ECF No. 58.

On March 13, 2014, counsel for the City of New York and the Individual Defendants (together, "Defendants") filed a status letter informing the Court that he had made several attempts over multiple days to contact Plaintiff to prepare a status report for the Court, but he had not been successful. ECF No. 59 at 1. Counsel wrote that he believed that Plaintiff had not served the Individual Defendants as required by the Court's November 6, 2013 Order. Id. at 2.[3] Additionally, Defendants' counsel wrote that although Defendants had located arrest-related documents for Plaintiff's February 11, 2011 arrest, Defendants had been unable to locate records for the July 1, 2009 arrest. Id. By Order dated March 14, 2014, the Court ordered Plaintiff to provide Defendants' counsel with a working telephone number so the March 18, 2014 status conference with the Court could proceed. On March 18, 2014, Defendants' counsel appeared for the telephone conference, but Plaintiff did not. ECF Minute Entry 3/18/2014. The Court entered a scheduling order that included the following:

> Plaintiff failed to participate in the telephone conferences. Defendants' counsel reports that Plaintiff has not responded to his communications, and he does not appear to have served the

---

[2] A copy of this Order was mailed to Plaintiff on November 6, 2013.

[3] I note that Plaintiff has not filed any return of summonses that would indicate that he had, in fact, served the Individual Defendants.

2

> individual Defendant officers per the Court's 11/6/2013 order.
> Plaintiff is informed that his failure to participate in this litigation
> may result in the award of sanctions, including possibly the
> dismissal of this action for want of prosecution.

ECF Order 3/18/2014.[4] A telephone conference was scheduled for April 8, 2014.

A letter from Plaintiff dated March 18, 2014, was entered by the Clerk's Office on the docket on March 19, 2014. In the letter, Plaintiff stated that he was unable to participate in the March 18, 2014 conference for numerous reasons. ECF No. 60. On review of the letter, the Court entered the following Order on March 20, 2014:

> ORDER. After the 3/18/2014 telephone conference, the Court
> received pro se Plaintiff's [60] Letter concerning his decision not
> to attend that conference. Plaintiff's proffered reasons for not
> attending - i.e., that Plaintiff is recovering from the 11/6/2013
> conference, that discovery cannot proceed while the motion for
> reconsideration is pending, and that Plaintiff is invoking the 5th
> Amendment - do not excuse his absence. As stated in this Court's
> 3/18/2014 Scheduling Order, Plaintiff's failure to participate in this
> litigation may result in the award of sanctions, including the
> dismissal of this action. If Plaintiff cannot attend the 4/8/2014
> conference by telephone, Plaintiff must appear in-person in
> Courtroom 4G North on 4/8/2014 at 11:00 A.M. Plaintiff is to
> inform the Court in writing by 3/31/2014 whether he will be
> attending the 4/8/2014 conference by telephone or in-person. If
> Plaintiff so notifies the Court that he is appearing in-person,
> Defendants' counsel must also attend in-person. In addition, per
> this Court's 11/6/2013 Order, Plaintiff had until 1/31/2014 to serve
> the three officers with the amended complaint and summons. On
> or before 3/31/2014, Plaintiff will file his proof of service.

ECF 3/20/2014 Order.[5] Plaintiff did not inform the Court whether he was available for the conference by telephone before the March 31, 2014 deadline, so the Court ordered that the conference would be held in person. ECF Order 4/4/2014.[6]

---

[4] A copy of this Order was mailed to Plaintiff on March 19, 2014.

[5] A copy of this Order was mailed to Plaintiff on March 20, 2014.

[6] A copy of this Order was mailed to Plaintiff on April 4 and April 8, 2014.

3

By letter dated March 31, 2014, Plaintiff requested that the District Court suspend the April 8, 2014 conference. ECF No. 61. By Memorandum and Order dated April 4, 2014, the Court denied the request. ECF No. 62.[7] The Memorandum and Order also noted that Plaintiff had been warned that "his continuing failure to participate in the litigation could result in the dismissal of the lawsuit." Id. at 2. The District Court stated that Plaintiff "has been previously warned that his failure to participate in this litigation, including attending the April 8th conference and otherwise complying with any orders of the Magistrate Judge, may result in the award of sanctions, including the dismissal of the lawsuit with prejudice." Id. at 4.

The April 8, 2014 conference was held, at which Plaintiff did not appear. ECF Minute Entry 4/8/2014. The following Order was entered:

> SCHEDULING ORDER: Defendants shall file a letter motion to dismiss for failure to prosecute on or before 4/15/2014. The motion to dismiss must be served by return receipt or overnight mail and sent to Plaintiff by email. Plaintiff has until 4/30/2014 to oppose. No reply necessary.

ECF Order 4/8/2014.[8]

On April 15, 2014, Defendants moved by letter motion to dismiss the action for want of prosecution, Fed. R. Civ. P. 41(b), and failure to obey the Court's orders for discovery, Fed. R. Civ. P. 37(b)(2)(A). ECF No. 63. Plaintiff was given until May 9, 2014 to oppose the motion to dismiss. ECF Order 5/1/2014.[9] Plaintiff did not oppose the motion. On July 23, 2014, Defendants filed a second letter motion to dismiss the action, purportedly to renew their first motion to dismiss. ECF No. 64.

---

[7] A copy of this Order was mailed to Plaintiff by Federal Express, Saturday delivery, on April 4, 2014.

[8] A copy of this Order was mailed to Plaintiff on April 8, 2014.

[9] A copy of this Order was mailed to Plaintiff.

4

No opposition to Defendants' motions has been received by the Court from Plaintiff as of the date of this report and recommendation.

II.     Discussion

Rule 41(b) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss an action or claim "for failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). Rule 37(b)(2)(A) also permits a district court to dismiss an action for a plaintiff's failure to obey a court's just orders. Fed. R. Civ. P. 37(b)(2)(A). District courts have the inherent power to dismiss a case sua sponte or on a defendant's motion for lack of prosecution or noncompliance. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982); Merker v. Rice, 649 F.2d 171, 173 (2d Cir. 1981); Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972). When reviewing a district court's decision to dismiss under Rule 41(b), the Second Circuit considers "whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." Ruzsa v. Rubenstein & Sendy Attys at Law, 520 F.3d 176, 177 (2d Cir. 2008); U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004); Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993). "[D]istrict court[s are] not required to discuss each factor in dismissing a case as long as an explanation is given for the dismissal." Miller v. Dep't of Corrs., No. 07-cv-7584 (SHS) (GWG), 2009 WL 564926, at *2 (S.D.N.Y. Mar. 5, 2009) (citing Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)), report & recommendation adopted by No. 07-cv-7584 (SHS) (GWG), 2009 WL 1010059 (S.D.N.Y. Apr. 14, 2009). "No

one factor is dispositive," and the decision must be based on the entirety of the record. United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004); see Bey v. City of New York, No. 11-cv-2376 (RRM) (JMA), 2011 WL 6010244, at *2 (E.D.N.Y. Oct. 20, 2011).

Here, under Rules 37 and 41, all five factors weigh in favor of dismissal. As outlined above, more than six months have passed since the January 31, 2014 deadline for Plaintiff to serve the Individual Defendants, but he failed to comply with the Court's service Order.[10] Plaintiff failed to participate in two telephone conferences with the Court. As Defendants insightfully argue, Plaintiff failed to appear for these conferences despite his stated awareness of the dates, as shown by his letters to the Court on or about March 18 and March 31. ECF No. 63 at 1; see ECF Nos. 60, 61. Thus, Plaintiff's failure to participate in this litigation is deliberate.

Plaintiff has failed to communicate with the Court since the end of March, and Defendants' counsel has had difficulty communicating with Plaintiff. Plaintiff has not opposed Defendants' initial motion to dismiss, which was served and filed more than three months ago. Defendants' second motion to dismiss was served and filed more recently. Plaintiff has not submitted an opposition to Defendants' second motion and, for the reasons discussed below, no opposition was required.

Plaintiff was twice given written notice that his failure to participate in this litigation may result in dismissal of his action. Defendants are presumed to suffer prejudice because of the delay in the prosecution. See Shannon v. General Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999). Given that this action concerns prosecutions that occurred more than three years ago (July 1, 2009 and February 11, 2011), Defendants would be prejudiced by further delay because memories fade and a defense becomes more difficult to mount. As to the Court's resources, the

---

[10] At this date, even without the Court's service Order, Defendants would also be able to move for Plaintiff's failure to comply with Rule 4(m).

6

Court--both the District Judge and I--have expended significant time clarifying Plaintiff's claims, making efforts to ensure proper service, and trying to coordinate discovery, yet Plaintiff has failed to participate in the prosecution of the action. Plaintiff has been given his days in court, but he has not appeared for them, and he has not taken substantive steps to move this case forward. It would not be a good use of the Court's resources, which are required for other cases, to invest more effort in the case than Plaintiff has been willing to invest. A lesser sanction is unlikely to persuade Plaintiff to participate as he has already been informed, on multiple occasions, that his actions may lead to the dismissal of his action, but he has not done so. Plaintiff's conduct therefore warrants granting Defendants' first motion to dismiss, pursuant to Rules 37(b)(2)(A) and 41(b).

As to Defendants' second motion to dismiss, Defendants failed to request a pre-motion conference, see Rule III.A.2, Individual Rules of Judge Roslynn R. Mauskopf, available at https://www.nyed.uscourts.gov/pub/rules/ RRM-MLR.pdf, or otherwise obtain leave to file their second motion. The second motion requests no additional relief; it is simply a reiteration of Defendants' first motion. Given Plaintiff's extended failure to respond to Defendants' first motion to dismiss, the Court need not provide Plaintiff with additional time in which to reply to Defendants' improperly filed and unnecessary second motion to dismiss. Instead, should Defendants' first motion to dismiss be granted, Defendants' second motion to dismiss should be deemed moot.

I therefore recommend that Defendants' first motion to dismiss be granted because of Plaintiff's failure to prosecute and failure to comply with this Court's Orders. I further recommend that Defendants' second motion to dismiss be deemed moot and that this case be dismissed with prejudice.

### III. Objections

Written objections to this report and recommendation must be filed with the Clerk of Court within fourteen days of service of the report and recommendation and in accordance with the Individual Rules of the Honorable Roslynn R. Mauskopf. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

Chambers will mail a copy of this report and recommendation to Plaintiff at the address listed on the docket.

Dated: Brooklyn, New York
August 4, 2014

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge