UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
OBI ORAKWUE,

        Plaintiff,

        - against -

CITY OF NEW YORK, P.O. DISLA WILLIAN,
P.O. RAMPERSAND, and P.O. CENTURION,

        Defendants.
------------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
11-CV-6183 (RRM)(VMS)

ROSLYNN R. MAUSKOPF, United States District Judge.

On December 20, 2011, *pro se* plaintiff Obi Orakwue ("Orakwue") filed this action under 42 U.S.C. § 1983. On a number of occasions during this litigation, Orakwue has willingly disobeyed the directives of the assigned Magistrate Judge, the Honorable Vera M. Scanlon. The Court will not revisit each one of those incidents, which are detailed in the Court's Memorandum and Order dated April 4, 2014, (Doc. No. 62),[1] as well as in Judge Scanlon's Report and Recommendation ("R&R") (Doc. No. 65), as addressed below.

Defendants have twice moved to dismiss the action for want of prosecution under Federal Rule of Civil Procedure ("Rule") 41(b), and for failure to comply with the Court's orders for discovery under Rule 37(b)(2)(A). Those motions were made on April 15, 2014, (Doc. No. 63), and July 23, 2014, (Doc. No. 64), respectively. Orakwue has not responded to either motion.

On August 4, 2014, Judge Scanlon issued the R&R now under consideration, recommending that the action be dismissed with prejudice pursuant to Rules 41(b) and 37(b)(2)(A). (Doc. No. 65.) Judge Scanlon reminded the parties that, pursuant to 28 U.S.C.

---

[1] That decision denied Orakwue's motion seeking reconsideration of the Court's earlier Memorandum and Order, dated September 25, 2013, (Doc. No. 53), granting defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and partially granting Orakwue's motion to amend his complaint.

§ 636(b)(1) and Rule 72(b)(2), any objections were due within fourteen days of service of the R&R. Moreover, Judge Scanlon mailed a copy of the R&R and the docket sheet to Orakwue. (*See* 8/4/14 Docket Entry.) Three months have now passed and Orakwue has not filed an objection or communicated with the Court in any fashion.

Pursuant to 28 U.S.C. § 636(b) and Rule 72, the Court has reviewed the R&R for clear error and, finding none, concurs with the R&R in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007). As the R&R and the record plainly reflect, Orakwue received numerous opportunities to comply with his obligations in prosecuting this action, and ample warnings – on multiple occasions – that his failure to adhere would be grounds for dismissal. Judge Scanlon gave meaningful deference to Orakwue's *pro se* status, extending deadlines and employing considerable time and effort to ensure that Orakwue fully understood his obligations and the consequences of non-compliance. Judge Scanlon's well-reasoned R&R properly balances the competing concerns at issue here, and recounts more than sufficient factual and legal bases to warrant the most severe sanction of dismissal with prejudice. Notably, Orakwue has advanced no objection to the R&R.

## CONCLUSION

Accordingly, the Court hereby ORDERS that defendants' unopposed motions to dismiss this action for want of prosecution and for failure to comply with the Court's orders (Doc. No. 63 and 64) are GRANTED.

The Clerk of Court directed to mail *pro se* plaintiff copies of this Memorandum and Order and the accompanying Judgment, and to close the case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum and Order would not be taken in good faith, and therefore *in forma pauperis* status

is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
       March 20, 2015

_____
ROSLYNN R. MAUSKOPF
United States District Judge